## Valls *v.* Blanes.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 15.—Resuelto en Octubre 26, 1904.

Hipoteca—Enagenación ó Cesión de Créditos Hipotecarios.—Los créditos hipotecarios pueden enagenarse ó cederse á un tercero, en todo ó en parte, pero

tal cesión ó enagenación deberá ajustarse á la forma establecida por el art. 52 de la Ley Hipotecaria.

Id.—Requisitos de la Escritura de Cesión ó Enagenación.—La escritura de cesión ó enagenación de un crédito hipotecario deberá contener los requisitos que determina el art. 50 de la Instrucción General sobre la manera de redactar los documentos públicos sujetos á registro, entre los cuales está el de que en la escritura de cesión se vacie la copia literal de la escritura de la hipoteca cedida, y el de que se dé conocimiento al deudor en los casos y formalidades prevenidas en la Ley Hipotecaria y su Reglamento.

Id.—Ejecución de Crédito Hipotecario—Formalidades Legales—Exigibilidad de la Obligación.—En un procedimiento sobre ejecución de hipoteca no solo debe atender el Tribunal á si se han cumplido las formalidades del trámite hipotecario, y si es ó no exigible la obligación hipotecaria, sino que debe determinar si el grávamen hipotecario no ha sido cancelado en el Registro, ni se hallaba pendiente de cancelación, según el diario, en el momento del vencimiento de la obligación.

Id.—Certificación de Cargas.—Una certificación de cargas expedida por el Regsitrador de la Propiedad en el sentido de que una finca *pudiera hallarse afecta* á determinados grávámenes, no puede servir de base á un procedimiento hipotecario sumarísimo.

## EXPOSICIÓN DEL CASO.

Vistos estos autos promovidos en la Corte de Distrito de Mayagüez, entre partes de la una, como demandante, Don José Rafael Valls, soltero, mayor de edad, vecino de la ciudad de Ponce; dirijido y representado en esta Superioridad, primeramente, por el abogado Don Juan Miguel Kearney, y después, por los Sres. Diaz y Texidor, y de lá otra Don Rafael Blanes y Mestre, mayor de edad, casado, vecino de la Ciudad de Mayagüez, como demandado, sobre cobro de un crédito hipotecario; autos pendientes ante Nos en virtud de recurso de apelación interpuesto por el demandante, contra la resolución pronunciada por la Corte de Distrito de Mayagüez, en 21 de Diciembre último, y que copiada á la letra dice así:

Mayagüez, veinte y uno de Diciembre de mil novecientos tres. Provisto hoy, por las muchas ocupaciones de la Corte y por las necesidad de estudio en la documentación voluminosa que se acompaña; y

*Resultando*: que por escritura No. 340 otorgada en esta Ciudad de Mayagüez el diez y ocho de Junio de mil ochocientos setenta y ocho,

ante el Notario Don Carlos Bonilla, de que se acompaña primera copia, sin nota de su inscripción en el Registro, Don José Antonio Annoni, hacendado de este domicilio, reconoció deber á varios acreedores, entre ellos á Don Pedro José Valls y Luperon, la suma de diez y seis mil ochocientos setenta y tres pesos noventa y dos centavos, de la moneda entonces circulante, y se obligó á pagarla en veinte años, por vigésimas partes, debiendo satisfacer el primer dividendo, el dia 30 de Junio de 1879, sin interés alguno, con la garantía para asegurar el cobro de todos los créditos que se establecía sobre la hacienda de cañas dulces nombrada ''Josefa'', situada en los barrios de Hormigueros, de la jurisdicción de su nombre, y de Guanajibo, de la de Cabo Rojo, separadas las partes de sus tierras, por las aguas del rio ''Estero'', con la cabida y colindancias que se leen en dicha escritura.

*Resultando*: que por otra escritura No. 15, de cesión de crédito hipotecario, autorizada por el Notario de Ponce Don José Ramón Becerra y de Gárate, el 19 de Diciembre de 1901, que aparece registrada, según nota del Registrador de San Germán, el seis de Enero del pasado año 1902, Don Francisco Valls y Chavarri, cedió á Don José Rafael Valls, parte de ese crédito ascendente á la suma de seis mil cien pesos, que correspondía á dicho Don Francisco Valls, según asegura el Notario en el documento mencionado, por adjudicación en la herencia de Don Pedro José Valls y Luperon, de la que correspondió al citado Don Francisco, seis mil seiscientos pesos en el derecho hipotecario constituido, que se registró en el Registro de San Germán, según constaba de otra escritura de partición de bienes, otorgada en Ponce en 12 de Agosto del año 1882.

*Resultando*: que el Registrador de la Propiedad de San Germán, en certificación literal que se acompaña, asevera, que sobre la hacienda denominada hoy ''San Francisco'' y antes ''San Romualdo'', aparecen gravámenes por los tres capitales á censo que enumera, con un derecho de arrendamiento y con otro de hipoteca á favor del American Colonial Bank of Porto Rico, y añade, aunque en la inscripción primera de la finca, verificada al folio 63 del tomo Segundo de Hormigueros, se consignó que ésta se halla libre de gravámenes excepción hecha de las cargas eclesiásticas, reconocidas por el nuevo adquirente, compulsados los antecedentes del caso, parece además, hallarse afecta á los gravámenes que resultan constituidos sobre la hacienda ''Josefa'', radicada en los barrios de Hormigueros y Guanajibo, de los términos municipales de Hormigueros y Cabo Rojo, que fué inscrita al folio 67 del Tomo Primero de Hormigueros, finca número 15, y al folio 26 del

tomo 15 de Cabo Rojo, finca número 250, inscripciones primeras de la cual se segregaron las varias porciones que actualmente constituyen la hacienda ''San Francisco'' antes ''San Romualdo''.

*Resultando*: que con ese antecedente el Registrador inscribió á favor de Don José Rafael Valls el crédito hipotecario adquirido por Don Francisco Valls sobre la hacienda ''Josefa'', por herencia de su padre Don Pedro José Valls y Luperon, estando autorizada dicha inscripción en seis de Enero de 1902.

*Resultando*: que en el apartado segundo de la certificación aludida y que lleva por epígrafe: ''Sobre cargas y traslaciones de propiedad'', dicho Registrador de San Germán transcribió los asientos referentes á la precitada hacienda ''Josefa'', significando préviamente, que la hacienda ''San Francisco'', fué constituida por agrupación de varias fincas, que á su vez fueron segregadas de otra hacienda primitiva denominada ''Josefa'', de seiscientos cincuenta y cinco cuerdas, radicada en los términos municipales de Hormigueros y Cabo Rojo, notándose, que ciertas hipotecas establecidas sobre la hacienda ''Josefa'', entre las cuales se halla comprendido el gravámen de Valls, no figuran en las inscripciones correspondientes á alguna de las fincas segregadas, ni tampoco en la primera inscripción ni siguientes, relativas á la finca ''San Romualdo'', hoy ''San Francisco'',

*Resultando*: que en la propia certificación, en el apartado que lleva por nombre : letra B, con el epígrafe: ''Inscripciones de dominio'', se manifiesta lo siguiente: ''esta finca (San Romualdo) procede de varios trozos de terreno segregados de la extinguida Hacienda ''Josefa'', propiedad del Excelentísimo Sr. Don José Antonio Annoni, inscrita en el tomo primero de Hormigueros, folio 67, bajo el número 15, expresándose en su inscripción primera los gravámenes que le afectaban hoy, cancelados por la total segregación practicada, excepción hecha de las cargas eclesiásticas reconocidas por el nuevo adquirente'', en cuyas condiciones fué vendida la hacienda ''San Romualdo,' por la mercantil en Comandita Chavarri y Co., á Don Rafael Blanes y Mestre.

1. *Considerando*: que se pretende hacer efectiva parte de una hipoteca, constituida en el mes de Junio de 1878, por Don José Antonio Annoni, á favor de varios acreedores suyos, entre los cuales figura Don Pedro José Valls y Luperon, contra la hacienda denominada ''San Romualdo'', de la propiedad, hoy, de Don Rafael Blanes y Mestre, como tercer poseedor, y subrogado en la personalidad de. deudor Sr. Annoni.

2 :. *Considerando* : que si bien todo crédito hipotecario puede ena-
genarse ó cederse á un tercero, en todo ó en parte, ha de ser en la
fórma establecida en el artículo 152 de la Ley Hipotecaria, conteniendo
la escritura de cesión los requisitos que determina el artículo 50 de
la Instrucción General sobre la manera de redactar los documentos
públicos sujetos á registro, entre los cuales se hallan, el de que en la
escritura de cesión se vacíe la copia literal de la escritura de la hipo-
teca cedida, y además, la circunstancia de que se dé conocimiento al
deudor en los casos y formalidades prevenidas en la Ley Hipotecaria
y su Reglamento.

3. *Considerando* : que en la escritura de cesión hecha por el No-
tario Don José Ramón Becerra, no se copió literalmente la escritura
de la hipoteca cedida, sino que se hizo á ella referencia por el mismo
Notario, como así mismo se hizo referencia á otra escritura de parti-
ción de bienes otorgada el doce de Agosto de 1882 en la Ciudad de
Ponce, para justificar la trasmisión de Don Francisco Valls y Cha-
varri á Don José Rafael Valls, sin tampoco copiarse el particular que
se refiere á la adquisición hereditaria del insinuado Francisco Valls
y Chavarri.

4. *Considerando* : que si se prescindiera de esas formalidades de
puro trámite hipotecario, por el fundamento de que se ha presentado
la primera copia de una escritura no registrada, autorizada por el
Notario Don Carlos Bonilla, que se refiere á la constitución de la hipo-
teca, que consta anotada, según certificación del Registrador Don
Joaquin Servera Silva, y también se hiciera caso omiso de la exigi-
bilidad total del crédito, cuando son precisos los artículos 1,964 del
Código Civil antíguo, y 134 de la Legislación Hipotecaria vigente,
ocurre siempre, que el Tribunal debe examinar la certificación del
Registrador de la Propiedad de fecha posterior á la del vencimiento de
la obligación, y de cuya certificación conste que no aparece cancelado el
gravámen hipotecario, ni se halla pendiente de cancelación, según el
diario, en ese momento del vencimiento de la obligación, todo según
el artículo 169 inciso 3º. del Reglamento Orgánico Hipotecario.

5. *Considerando* : que la escritura de constitución de hipoteca
cedida, establece que el primer dividendo de la vigésima parte que
debia abonarse á los acreedores, habia de hacerse el día treinta de
Junio de 1879, y así sucesivamente, hasta cumplirse veinte años pos-
teriores.

6. *Considerando* : que con posterioridad á esa fecha aludida, apa-
rece cancelada la hipoteca constituida á favor de varios acreedores

y solamente subsistentes las cargas eclesiásticas, y un crédito á favor del "American Colonial Bank of Porto Rico".

·7. *Considerando*: que la forma dudosa como certifica el Registrador de San Germán, de que la finca "San Romualdo" pudiera hallarse afecta á otros gravámenes que las cargas aludidas, no puede servir de base para un procedimiento sumarísimo, sino para otro pleito de otra índole, ya contra tercer poseedores, ya contra las deudores primitivos, ó ya contra los Registradores, caso de que hubieran contraido responsabilidad.

· Vistos los artículos 128 de la Ley Hipotecaria, y 169 y 170 de su Reglamento Orgánico y las disposiciones enumeradas en los anteriores Considerandos.

Se deniega el requerimiento solicitado contra Don Rafael Blanes, por el abogado Don Rodolfo Ramirez Vigo, á nombre de Don José Rafael Valls del domicilio de Ponce; regístrese y numérese el asunto, y se designa como Juez Instructor, al Sr. Presidente de este Tribunal. Lo acordaron y firman los señores de la Sala; certifico. ·Arturo Ponte, J. A. Erwin, Enrique González Darder, Juan Arroyo Mestre.

*Resultando*: que notificada la anterior resolución al abogado de la parte demandante interpuso contra ella recurso de reposición, y denegado que fué, interpuso el de apelación para ante este Tribunal, que se admitió, elevándose los autos prévia citación y emplazamiento de la parte.

*Resultando*: que personado en tiempo y forma la representación del apelante, se dió al recurso la tramitación correspondiente, y señalado día para la vista, tuvo ésta lugar en once del corriente, con asistencia é informe del Letrado de la parte apelante.

Abogados del apelante: *Sres. Kearney* y *Díaz & Texidor.*

EL JUEZ ASOCIADO SR. WOLF, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal.

Aceptando los fundamentos de hecho y de derecho de la resolución apelada,

*Fallamos*: que debemos confirmar y confirmamos la resolución dictada por la Corte de Distrito de Mayagüez en 21 de Ticiembre de mil novecientos tres, denegando el requeri-

miento solicitado contra Don Rafael Blanes por Don José Rafael Valls, con las costas del recurso al apelante; y, con devolución de los autos originales, remítase copia certificada de esta resolución á dicha Corte de Distrito.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados, Hernández, Figueras y MacLeary.